Chen v. Barr

BIA
Hom, IJ
A087 989 093

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand nineteen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        PIERRE N. LEVAL,
           *Circuit Judges.*

_____

QIONG CHEN,
        *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

17-2289
NAC

_____

FOR PETITIONER:        Margaret W. Wong, Cleveland, OH.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Qiong Chen, a native and citizen of the People's Republic of China, seeks review of a July 10, 2017, BIA decision that affirmed the September 28, 2016, decision of an Immigration Judge ("IJ") denying withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Qiong Chen,* No. A087 989 093 (B.I.A. July 10, 2017), *aff'g* No. A087 989 093 (Immig. Ct. N.Y. City Sept. 28, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case. We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

Chen applied for withholding of removal and CAT relief, asserting that she will likely be persecuted and tortured based on the birth of her U.S. citizen child in violation of China's population control program. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008).

2

For largely the same reasons as set forth in *Jian Hui Shao*, we find no error in the agency's determination that Chen failed to satisfy her burden for withholding of removal and CAT relief. *See id.* at 158-67; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). As with the evidence in *Jian Hui Shao*, the evidence in Chen's case, demonstrates that family planning officials in Fujian Province use economic incentives and punishments to pressure couples to comply with the birth control measures, abortions, and sterilizations required by the policy and discusses only isolated reports of force being used. *See Jian Hui Shao*, 546 F.3d at 159-66, 172.

Our jurisdiction to review the agency's denial of cancellation of removal based on Chen's failure to establish hardship to a qualifying relative is limited to constitutional claims and questions of law, 8 U.S.C. §§ 1229b(b)(1)(D), 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008), for which our review is de novo, *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). A question of law may arise when "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized." *Mendez v.*

3

*Holder*, 566 F.3d 316, 322-23 (2d Cir. 2009). For jurisdiction to attach, however, such claims must be colorable. *Barco-Sandoval*, 516 F.3d at 40-41.

There is no merit to Chen's arguments that the agency ignored and mischaracterized evidence in evaluating whether her U.S. citizen daughter would suffer "exceptional and extremely unusual hardship" as required for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D). The IJ did not err in concluding that Chen's daughter could attend a relatively inexpensive private school in China because, contrary to Chen's contention, the school did not require a Chinese family registry but rather required a residence booklet, which is necessarily available to non-Chinese citizens, such as Chen's daughter, given the school's enrollment of foreign students. The IJ's statement that Chen's daughter "took classes in Chinese and was studying the Chinese language" is not a serious mischaracterization of the evidence because, although Chen's daughter was not studying Chinese at the time of the hearing, Chen and a witness testified that her daughter had taken Mandarin classes one summer and speaks a bit of that language. Further, the IJ explicitly considered Chen's daughter's religion and asthma as well as evidence of pollution in China. Finally, contrary to Chen's contention,

4

the record does not contain evidence of the persecution of Catholics in her home province.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

5